IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FREDERICK LISENBEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. ) |
| CITY OF CLARKSVILLE GAS & WATER | ) JUDGE: ) MAGISTRATE JUDGE: ) |
| Defendant. | ) JURY DEMAND ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and submits his Complaint against Defendant. Plaintiff would allege as follows:

1. Plaintiff is a citizen and resident of Montgomery County, Tennessee.

2. Defendant City of Clarksville Gas & Water is a governmental entity which, among other things, provides utility services to residents of the city. Its agent for service of process is the city Mayor, Kim McMillan, One Public Square, 4th Floor, Clarksville, Tennessee 37040.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the Defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5. The

1

Court also has supplemental jurisdiction of the State Law Claim for discrimination, pursuant to 42 U.S.C. §1983.

## FACTS

5. Plaintiff is an African American male. He began his employment with the defendant as a construction and maintenance worker on 8/16/2011.

6. On the Plaintiff's first day of work, he was partnered with Brandon Forrest. As the two were on their way to a service call, Mr. Forrest began quoting some famous lines from a comedian.

7. Mr. Forrest then asked the Plaintiff how he felt about a certain word. The Plaintiff asked him what word, and Mr. Forrest responded that he didn't know how to say it without offending the Plaintiff.

8. The Plaintiff then realized that Mr. Forrest was referring to the "N" word. He told Mr. Forrest that he neither approved of nor used language like that.

9. Approximately a week later, the Plaintiff was on a service call with Brandon Forrest, Keith Denton and Jerry Devers when their conversation turned to talking about people with past criminal records.

10. After Mr. Denton and Mr. Devers admitted that they had been in trouble in the past, Mr. Forrest kept questioning everyone about whether they had a criminal record. The Plaintiff asked what this subject had to do with his job and Mr. Forrest responded that he just wanted to know who he was working with. Mr. Denton, the supervisor, then told Mr. Forrest to stop talking about the subject, and advised that the city takes care of background checks.

11. On or about September 19, 2011, the Plaintiff and Brandon Forrest were on their

2

way to a service call. They were driving in heavy rain when they saw a young man in a military shirt jogging. Mr. Forrest said, "Yeah, he is running like Kunta Kinte."

12. The Plaintiff questioned Mr. Forrest as to why he made the remark about Kunta Kinte, but Mr. Forrest acted as though he didn't understand.

13. Plaintiff complained to his supervisor Odessa Evans about Mr. Forrest's conduct.

14. Eventually, there was a meeting with the Plaintiff, Odessa Evans, Brandon Forrest, Keith Denton and Jerry Devers. When Mr. Evans questioned Mr. Forrest regarding the Kunta Kinta remarks, Mr. Forrest did not deny making the remarks, but denied understanding the meaning. Mr. Evans said he didn't believe him and advised him that the name came from "Roots," a movie about slaves.

15. Mr. Evans told Mr. Forrest that he was playing a racial game, and that there was zero tolerance for racial harassment. Mr. Evans also advised that both Mr. Forrest and the Plaintiff were on probation.

16. During the meeting Mr. Evans also asked Mr. Forrest why he didn't like the Plaintiff. When Mr. Forrest responded that the Plaintiff didn't shovel fast enough, Mr. Evans advised that the supervisor, Keith Denton had told him the Plaintiff was learning well and doing a good job. Mr. Evans said that he would listen to feedback from the supervisor, not Mr. Forrest.

17. The next day following the meeting, Keith Denton told the Plaintiff to ride with him instead of Brandon Forrest. Mr. Denton also assigned different duties to the Plaintiff. The Plaintiff advised that he felt he was being punished for something he didn't do by being denied the opportunity to continue learning and performing his job, however he continued to work as instructed.

3

18. In October, 2011, Brandon Forrest, Keith Denton, Jerry Devers and the Plaintiff were working on a job, and worked through their lunch time. As they were discussing the fact that they had missed lunch, Mr. Forrest remarked that Keith was "working us like slaves."

19. On November 10, 2011, Keith Denton took the Plaintiff into a meeting with Odessa Evans and Kevin Dorris. Mr. Evans began explaining that the Plaintiff that the terms of his employment included a one year probation, and that during that time he could be terminated if he wasn't performing or willing to do his job.

20. The Plaintiff was then told he was being terminated. When he asked why, he was only told that it wasn't working out. The Plaintiff asked his supervisor, Keith Denton, if he was doing a good job, and Mr. Denton replied that he was. The Plaintiff then questioned Mr. Evans what had changed from a month before, when he said that Mr. Denton had reported that he was doing a good job. The Plaintiff was told again that things were just not working out.

21. The Plaintiff was terminated on November 10, 2011 in retaliation for his complaints of a racially hostile work environment.

22. Defendant has engaged in a pattern or practice of intentional discrimination against the Plaintiff, as a result of Plaintiff's race, under Title VII, and as described above

23. Defendant is an employer within the meaning of Title VII and the Human Rights Act.

## CAUSES OF ACTION

### I. Racial Discrimination

4

24. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 23.

25. Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of Title VII of the Civil Rights Act on 1964, as amended, as a result of the Plaintiff's race and his complaints of a racially hostile work environment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That proper process issue be served upon the Defendant that the Defendant be required to answer within the time prescribed by law.

2. The Plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the Defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of race.

4. That this matter be set for a trial by jury.

5. That the Plaintiff be awarded his reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

_____
ANDY L. ALLMAN, BPR No.17857
MICHAEL A. TOLBIRD, BPR No. 18254
103 Bluegrass Commons Blvd.
Hendersonville, TN    37075
Telephone:    (615) 824-3761
Facsimile:    (615) 824-2674
andylallman@comcast.net

michaeltolbird@comcast.net