IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK LISENBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:13-0243 |
| | ) Judge Trauger |
| CITY OF CLARKSVILLE GAS & WATER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

The defendant has filed a Motion to Dismiss (Docket No. 7), to which the plaintiff has responded (Docket No. 14), and the defendant has filed a Reply (Docket No. 17).

The plaintiff concedes that the Complaint was filed three days late, taking into account the date of mailing of, and the five-day grace period for receipt of, the right-to-sue letter. The Complaint should have been filed on Friday, March 15, 2013; instead, it was filed on Monday, March 18, 2013. The only reason given for this late filing is "an error in the calendaring of the deadline" by counsel. (Docket No. 14 at 3) The plaintiff asserts that equitable tolling should apply to allow the late filing of the Complaint.

The standard for equitable tolling in the Sixth Circuit is as follows:

> We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. . . .The propriety of equitable tolling must necessarily be determined on a case-by-case basis.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

The plaintiff concedes that his counsel had notice of the filing requirement and constructive knowledge of the filing requirement and was not ignorant of the legal requirement.

He argues strenuously that there is no prejudice to the defendant, in that the defendant defended these same claims before the EEOC and is therefore on notice of the plaintiff's claims. The plaintiff makes no argument with regard to the third factor–diligence in pursuing one's rights.

The record reflects that the right-to-sue letter was mailed not to the plaintiff, Frederick Lisenbee, but to his counsel. (Docket No. 9-1) The calendaring of deadlines by lawyers, especially deadlines that determine the statute of limitations, is one of the most important duties owed to a client. Counsel represented the plaintiff throughout the 90 days (plus 5 days for mailing) within which the plaintiff had to file suit after receipt of the right-to-sue letter. For counsel to have both mis-calendared the statute of limitations deadline and filed suit on the very last day permitted under the statute of limitations deadline (as calculated by plaintiff's counsel) cannot be considered an act by counsel of "diligence in pursuing one's rights." If this court were to hold that the mis-calendaring of statute of limitations deadlines by lawyers justified equitable tolling of the statute of limitations, this court would have to so hold in every case where sloppy procedures in a lawyer's office caused a client to miss the statute of limitations. This court is not prepared to cross that line in this set of circumstances.

This lawsuit was filed beyond the statute of limitations, and equitable tolling does not apply. For these reasons, it is hereby **ORDERED** that the Motion to Dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED.**

Enter this 18th of June 2013.

_____
ALETA A. TRAUGER
U.S. District Judge